REYNOLDS
*vs*
SALLEE.

---

REPLEVIN.

*Case* 6.

*September* 15.

Case stated and judgment of Circuit Court,

A def't in execution, whose property is levied on, cannot prosecute a writ of replevin, although the property levied on may be exempt by law from sale under execution.

# Reynolds *vs* Sallee.

ERROR TO THE PULASKI CIRCUIT.

*Execution. Exempted property.*

JUDGE EWING delivered the opinion of the Court.

REYNOLDS sued out a writ of replevin against Sallee for a horse. The latter avowed that he was constable, and had levied executions, which were in his hands against Reynolds, on the horse. The plaintiff pleaded that the horse was his only work beast, and not subject to the levy, to which plea the defendant demurred and the demurrer being sustained by the Court, and judgment rendered against him, he has appealed to this Court.

It was settled by this Court, in the case of *Phillips and Walker* vs *Harris*, 3 *J. J. Marshall*, 124, that a defendant in an execution could not sustain replevin for the property levied on, under an execution; that such a proceeding would be a contempt to the Court issuing the execution. And the statute of 1830, passed about a month after that decision, and under which statute this replevin was instituted, re-asserts the common law inhibition. And though the statute of 1830, is repealed by the act of 1840, *Acts* 1839–40, *p*. 223, and this latter act does not contain the restriction, which was contained

in the act of 1830, it does not repeal the common law rule on this subject, which remains in full force.

Judgment affirmed, with costs.

*Quarles* for plaintiff; *Harlan* for defendant.